IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONA BETHEA | : | CIVIL ACTION |
| | : | NO. 10-1070 |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |

O'NEILL, J.                                                                                  December 5, 2011

## **MEMORANDUM**

Alleging disability from October 10, 2004, plaintiff Ramona Bethea filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403 on May 1, 2006. Her claim for benefits was denied at the initial review level on October 10, 2006. Upon her request for a hearing before an administrative law judge, a hearing was held on March 5, 2008. Plaintiff appeared and testified at a supplemental hearing held on June 11, 2008. An impartial vocational expert also appeared and testified at the supplemental hearing.

On July 9, 2010 Malvin B. Eisenberg, the ALJ, issued a decision finding that plaintiff retains the residual functional capacity to perform light work. The ALJ found that plaintiff was capable of performing her past relevant work as a hand packager and concluded that from December 10, 2005[1] through the date of the decision plaintiff was not under a disability as defined in the Social Security Act.[2] Under the ALJ's decision, plaintiff was not entitled to

---

[1] The ALJ dismissed plaintiff's claim for the period from October 10, 2004 to December 9, 2005 as res judicata, having been adjudicated in a previous decision by ALJ Janice C. Volkman.

[2] Under the Social Security Act, a claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months." 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505. Disability claims are

receive disability insurance benefits.

In his decision, the ALJ summarized his review of the records of plaintiff's treatment by Dr. Randall Smith from October 12, 2003 to October 12, 2007.  (Tr. at 20.)  Dr. Smith treated plaintiff for degenerative disc disease and disc herniation.  Id. While under Dr. Smith's care, plaintiff received epidural steroid injections on March 7, 2006, March 14, 2006 and March 21, 2006.  Id.  The ALJ noted that Dr. Smith's May 21, 2007 medical source statement concluded that plaintiff "could frequently lift/carry less than 10 pounds and occasionally a maximum of 10 pounds; sit 3 hours total in an 8-hour workday; stand/walk 2 hours total in an 8-hour workday; and would be absent from work more than 3 times monthly due to her symptoms."  (Tr. at 20.)

The ALJ also summarized his review of the records of plaintiff's treatment by Dr. Joseph Guagliardo from June 29, 2007, continuing through April 25, 2008.  Dr. Guagliardo diagnosed plaintiff with "lumbar disc herniation, cervical disc herniation, and lumbar sprain and strain." (Id.)  The ALJ noted that Dr. Guagliardo's May 9, 2008 medical source statement concluded that plaintiff "could walk one block; never lift any weight at all; has significant limitation for repetitive reaching, handling and fingering; can sit 20 minutes at a time and stand 10 minutes at a time; does not require the use of any assistive walking devices; but offered no opinion as to how

---

evaluated using a five-step analysis considering, in sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) if not, can perform other work in view of her age, education, and work experience. 20 C.F.R. § 404.1520; see also Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir. 1992).  The claimant bears the initial burden of proving the existence of a disability. 42 U.S.C. § 423(d)(5).  To satisfy this burden, a claimant must establish an inability to return to her former work.  Once the claimant makes this showing, the burden of proof shifts to the Commissioner to show that the claimant, given her age, education, and work experience, has the ability to perform specific jobs that exist in the economy.  Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979).

frequently her impairments might cause her to be absent from work." (Id.)

Finally, the ALJ summarized the October 2006 assessment of a non-physician State agency disability claims adjudicator who concluded that plaintiff was "able to frequently lift/carry 10 pounds and occasionally a maximum of 20 pounds; stand/walk 6 hours total in an 8-hour workday; sit 6 hours total in an 8-hour workday; occasionally able to perform all postural maneuvers; and with no manipulative, visual, communicative or environmental limitations." (Id.)

Noting the inconsistent assessments of plaintiff provided by Dr. Smith, Dr. Guagliardo and the State claims adjudicator and noting that plaintiff "has not been on any pain medication for 2 years or more and treatment has been conservative to date," the ALJ determined that he was "unable to adopt as controlling the medical source statements of either treating source." (Id. at 21.) Plaintiff had testified that "she ha[d] not been on any prescription pain medication since 2005 or 2006." (Id. at 19.) The ALJ concluded, that while "the claimant's medically determinable impairments could reasonably be expected, . . . the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . . ." (Id. at 21.)

Plaintiff requested review of the ALJ's decision and on January 7, 2010, the Appeals Council issued an unfavorable decision. Thereafter plaintiff filed this action, seeking reversal of the ALJ's decision, arguing that the ALJ's finding that she is not disabled was not supported by substantial evidence. I referred plaintiff's case to United States Magistrate Judge Arnold C. Rapoport for a report and recommendation and on August 26, 2011, he recommended that the matter be remanded to the Commissioner for further proceedings. Defendant subsequently filed

objections to the Report and Recommendation arguing that the Magistrate Judge applied an incorrect legal standard and that the ALJ's decision is supported by substantial evidence.

For the reasons that follow, and after independent consideration of the administrative record, I will adopt Judge Rapoport's Report and Recommendation and will remand the matter to the ALJ.

## STANDARD OF REVIEW

A district court judge may refer an appeal of a decision of the Commissioner to a magistrate judge. See 28 U.S.C. § 636(b)(1). Within ten days after being served a copy of the magistrate judge's Report and Recommendation, a party may file timely and specific objections thereto. See 28 U.S.C. § 636(b)(1)(C). In the event that objections are filed, 28 U.S.C. § 636(b)(1) requires a district court to "make a de novo determination of those portions of the [magistrate judge's] recommendations to which objection is made." It further allows the Court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.; see Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Terwilliger v. Chater, 945 F. Supp. 836, 841 (E.D. Pa. 1996).

The issue to be addressed on appeal from a denial of benefits is whether the Commissioner's decisions are supported by substantial evidence. See 42 U.S.C. § 405(g); see also Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion after reviewing the entire record, but it may be less than a preponderance." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial

evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). "It is not the role of the Court to re-weigh the evidence of record or substitute its own conclusions for that of the ALJ." Wells v. Astrue, No. 10-1811, 2011 WL 940492, at *2 (E.D. Pa. Feb. 25, 2011), citing Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002); see also Fargnoli v. Massanari, 247 F.3d at 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986) (holding that even if the record could sustain an alternative conclusion, the ALJ's decision regarding disability will not be overturned as long as there is substantial evidence to support it).

"An ALJ is not required to cite to every piece of evidence in the record when rendering his decision." Thomas v. Astrue, No. 10-2175, 2011 WL 2437143, at *1 (E.D. Pa. June 16, 2011). However, the ALJ must provide "'not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" Bordes v. Comm'r Soc. Sec., 235 Fed. App'x 853, 864 (3d Cir. 2007), quoting Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

## DISCUSSION

Defendant objects to the Report and Recommendation arguing that the Magistrate Judge applied an incorrect legal standard and that the ALJ's decision is supported by substantial evidence. Plaintiff counters that "[t]he Magistrate Judge properly observed that the ALJ's evaluation of the medical evidence in this case was 'not sufficiently detailed to allow for meaningful judicial review.'" (Pl.'s Resp. to Def.'s Objs. at 2, quoting R & R at 11.) I agree

with plaintiff.

"[T]he medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence." Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000) (internal quotation omitted); see also 20 C.F.R. §§ 404.1527(d)(2) ("If a treating source's opinion on the issue of the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case, it will receive controlling weight."). In refusing to credit the testimony of a treating physician, the ALJ must base his decision on "objective medical evidence" and not "solely on his own amorphous impressions, gleaned from the record and from his evaluation of [plaintiff's] credibility." Morales, 225 F.3d at 318 (internal quotation and citations omitted).

In his objections to the Report and Recommendation, defendant sets forth a number of possible justifications for the ALJ's decision not to afford controlling weight to the opinions of plaintiff's treating physicians. Defendant asserts that "Drs. Smith and Guagliardo completed check-box forms, and did not provide any substantive explanation for their conclusion that Plaintiff could not work." (Def.'s Objs. at 1.) Defendant contends that the opinions of plaintiff's treating physicians "were inconsistent with other evidence of record, particularly their own treatment notes which did not document objective findings to support a finding of total disability." (Def.'s Objs. at 2.) Defendant also argues that "[p]laintiff's conservative treatment constitutes substantial evidence that she was not disabled." (Def.'s Objs. at 5.)

The problem with the ALJ's determination is that it does not set forth any of the reasons for discounting the opinions of Drs. Smith and Guagliardo that are now articulated in defendant's

objections to the Report and Recommendation. As noted by Magistrate Judge Rappoport, "[t]he ALJ makes no mention of any objective evidence and/or any treating physician opinions that refute the opinions of Drs. Smith and Guagliardo. The ALJ makes no specific mention of any diagnostic test that allegedly refutes the opinions of Drs. Smith and Guagliardo." (R & R at 11.) Instead, the ALJ concluded that he was unable to adopt Dr. Smith and Dr. Guagliardo's medical source statements as controlling, noting that plaintiff "has not been on any pain medication for 2 years or more and treatment has been conservative to date." (Tr. at 21.)

While plaintiff testified that she was no longer taking prescription pain medications, her medical records show that she did receive treatment for pain in the form of a series of epidural steroid injections in March 2006 and again in January, March, and May of 2008. (Id. at 291, 294-95, 451, 454, 475.) Although the ALJ's decision references plaintiff's treatment with epidural injections (id. at 20), it does not adequately address the weight he gave to the evidence of the epidural injections in that it does not explain why he chose to discount or reject evidence of the injections as support for plaintiff's claimed disability. "While the ALJ was not required to review all evidence of record, and could choose to reject [the treating physicians] opinion[s], he was required to 'explain the weight he has given to obviously probative exhibits.'" Jennings v. Astrue, No. 09-1642, 2009 WL 7387721, at *9 (E.D. Pa. Nov. 30, 2009), quoting Cotter, 642 F.2d at 705.

Further, other than plaintiff's testimony that she had not been on prescription pain medication since 2005 or 2006 (Tr. at 19), the reasons the ALJ provides for his decision do not identify or explain the results of any diagnostic test results or other medical evidence that would support his decision to discredit the reports of plaintiff's treating physicians. (Id. at 21-22.)

Instead, the ALJ placed controlling weight on the assessment of the non-physician state agency disability claims adjudicator. "[T]he medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence." Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988). In the absence of any explanation as to why he chose to reject the medical evidence that plaintiff's treating physicians used to support their determinations, the ALJ may not rely on the opinion of a non-physician. C.f., Bordes, 235 Fed. App'x at 864 (holding that the ALJ's finding that the claimant suffered from no severe back impairment was not supported by substantial evidence where the ALJ failed to explain the evidence he relied on in rejecting the treating physician's diagnosis); Eary v. Halter, No. 00-2910, 2001 WL 695045, at *4 (E.D. Pa. June 18, 2001) (finding that the ALJ failed to fulfill his duty where he "failed to explain or support his determination with medical evidence in the record").

In sum, the ALJ's decision does not allow the court to "tell if significant probative evidence was not credited or simply ignored." Bordes, 235 Fed. App'x at 864 (quotation omitted). I find that the ALJ's reasons for not adopting as controlling the assessments of plaintiff's treating physicians are not based on substantial evidence and will overrule defendant's objections. After carefully reviewing all of the arguments and evidence, I concur with the recommendation of Magistrate Judge Rappoport that this matter should be remanded to the ALJ for review to allow the ALJ to fully develop his reasons for affording the weight given to the evidence of record. It is not clear that further review would "amount to no more than an empty exercise." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000). Remand may or may not change the outcome of this case.

An appropriate Order follows.